Argued and submitted July 28, reversed and remanded December 3, 2008

Richard WYTHE,
*Plaintiff-Appellant,*

*v.*

Bruce HARRELL,
*Defendant-Respondent.*

Jackson County Circuit Court
054108L3; A133382

197 P3d 601

Clayton C. Patrick argued the cause and filed the briefs for appellant.

William V. Deatherage argued the cause for respondent. With him on the brief was Frohnmayer, Deatherage, Pratt, Jamieson, Moore, Armosino & McGovern, P.C.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

EDMONDS, P. J.

**EDMONDS, P. J.**

In this legal malpractice case, plaintiff appeals after the trial court granted defendant's motion for summary judgment. Plaintiff contends that the trial court erred in granting summary judgment because there are genuine issues of material fact as to what advice plaintiff was given and whether he relied on that advice. We agree and therefore reverse and remand.

In reviewing a grant of summary judgment, we view the facts from the summary judgment record and all reasonable inferences that we may draw from them in the light most favorable to plaintiff, the nonmoving party. *Ivanov v. Farmers Ins. Co.*, 344 Or 421, 425, 185 P3d 417 (2008). In 2001, plaintiff and his wife decided to dissolve their marriage. They put together notes as to how their property would be divided, but plaintiff had concerns about the disposition of some of the property, including property that had been acquired before the marriage and his pension. Plaintiff, however, was apprehensive about the expenses that would be incurred if both parties obtained legal representation, and he thought that a paralegal might be a less expensive option.

One of the properties at issue between plaintiff and his wife was a 75-acre parcel in Jackson County. Although they had agreed on a division of that property, they were unsure how to phrase the agreement and whether it was workable. Plaintiff decided to talk to defendant, an attorney, about the proposed agreement because he was "concerned about the effect of what [he and his wife] had agreed to."

In July 2001, plaintiff met with defendant. Plaintiff showed defendant the informal agreement that he and his wife had reached, and they discussed that agreement in detail. Plaintiff and defendant had several subsequent meetings, and they discussed the parties' assets and possible distribution of those assets during each meeting. During one of the meetings, defendant told plaintiff that "what [plaintiff and his wife] had agreed upon was adequate." Defendant then "referred [plaintiff and his wife] to 'Karen[,]' a paralegal who he said did good work and to whom he had referred other people." Plaintiff then contacted the paralegal and asked her to prepare the documents for the final property division.

After the paralegal had prepared those documents, plaintiff asked defendant to review them. Plaintiff and defendant discussed issues regarding tax implications of the agreement, and plaintiff then went ahead with the dissolution. Plaintiff and his wife executed the documents prepared by the paralegal. One of the terms of the property division conditioned plaintiff's interest in the 75-acre parcel on his ability to obtain zoning, building, water, and septic approvals from Jackson County. The property division did not include any reference to plaintiff's pension. As it turned out, plaintiff was unable to obtain the necessary approvals from the county, and he lost his interest in the 75-acre parcel. Also, because the pension was not listed in the property division, his former wife—as opposed to any future spouse—would continue to have an interest in the pension.

In 2005, plaintiff filed this legal malpractice action against defendant. His negligence claim alleged that defendant fell below the standard of care in the following four particulars:

"1. In referring Plaintiff to a paralegal untrained in legal matters to give him dissolution advice and prepare the necessary documents.

"2. In advising him that the paralegal was competent to handle such a case.

"3. In failing to determine the extent and nature of Plaintiff's property interests and the complexity thereof.

"4. In failing to advise Plaintiff that he should seek competent advice from an attorney licensed to practice in the state of Oregon."

According to the complaint, plaintiff had consulted with another attorney after the dissolution, who advised him that the dissolution documents "were not properly prepared, that [d]efendant should not have referred him to a paralegal because of the complexity of his case[,] and that he probably had suffered substantial loss based upon what should have been done with regard to the property rights and distribution of the property."

Defendant moved for summary judgment on plaintiff's negligence claim, on the ground that "[t]he undisputed

evidence as indicated by the affidavits and deposition testimony is that plaintiff did not want an attorney to represent him in his divorce." In support of that motion, defendant relied primarily on excerpts from plaintiff's deposition, in which he testified regarding his decision to use a paralegal to prepare the documents. In one of those excerpts, plaintiff testified as follows:

"Q. * * * [Y]ou didn't ask [defendant] to become, had him become your attorney to do the divorce because you had a friend who told you to avoid an attorney if you could?

"A. Yes.

"Q. All right. And so when he gave you these alternatives, you thought the paralegal was the best way to go?

"A. Uh-huh * * *."

In another excerpt, plaintiff testified:

"Q. All right. But the fact is that he told you that a paralegal can fill out documents, do you think [defendant] was telling you that this is what you should do, or he gave you the alternative of making that selection?

"A. I specifically said I wanted a paralegal.

"Q. You wanted one?

"A. (Nodding head).

"Q. Okay. That's because your friend's prior advice about attorneys?

"A. Exactly."

At the hearing on the motion for summary judgment, defendant argued that "[t]he Plaintiff's deposition really establishes that he made the decision—not [defendant], to use the paralegal to do this." The trial court agreed, relying on defendant's notes of his meetings with plaintiff:

"[T]he issue is not did the paralegal perform adequately, it is did [defendant] commit malpractice by referring [plaintiff] to a paralegal? And on that issue I see no material issue of fact in dispute, because * * * you can tell from the third conference, the Monday, August 12, 2002, conference, those notes clearly summarize without saying in so many words

that the Plaintiff had no interest in having [defendant] represent him. And all the discussion in there, of notes, of [defendant] giving him warnings, telling him to take care of things, what issue to watch for, and, yes, there is a referral to [the paralegal]. '[The paralegal] can fill out the papers for you the way you want.' And that just doesn't raise an issue with malpractice that I can see. There is no issue in dispute. * * *."

Thus, from its oral ruling, the trial court appeared to focus on only one of plaintiff's four specifications of negligence—*i.e.*, that defendant referred plaintiff to a paralegal—when it granted summary judgment on the entire claim.

On appeal, plaintiff argues that the trial court erred in focusing exclusively on his first specification of negligence and also in ruling, as a matter of law, that plaintiff could not state a claim for malpractice under that specification. Plaintiff argues that there are genuine issues of material fact as to whether defendant referred him to a paralegal and whether he relied on defendant's advice in that regard. In support of those contentions, plaintiff offers the following averments from his declaration in opposition to summary judgment: (1) Plaintiff knew that a paralegal could type the necessary documents but set up an appointment with defendant to "get advice as to whether this was the way to go"; (2) he discussed "assets and distributions in detail" with defendant at each of their meetings; (3) defendant advised him "that what [plaintiff and his wife] had agreed upon was adequate"; and (4) defendant "then referred [plaintiff and his wife] to * * * a paralegal * * *." In plaintiff's view, those averments, when viewed in the light most favorable to him, give rise to the inference that defendant referred him to a paralegal and that he relied on that advice.[1]

In response, defendant invokes the line of cases in which this court has held that a party cannot create a genuine issue of material fact by contradicting prior deposition testimony. *See, e.g., Henderson-Rubio v. May Dept. Stores*, 53

---

[1] In response to the summary judgment motion, plaintiff also offered a declaration stating that he had retained an expert to support his allegation that defendant's advice fell below the standard of care. Defendant conceded that "[t]his statement is sufficient to deny defendant's motion concerning 'standard of care' according to ORCP 47 E[,]" and the standard of care is not at issue on appeal.

Or App 575, 583-85, 632 P2d 1289 (1981). According to defendant, plaintiff's deposition testimony conclusively establishes that "[p]laintiff had already made the decision that he would use a paralegal based on the advice of a friend." Thus, defendant argues that "[t]he sole cause for plaintiff's subsequent problems in his [dissolution] was the result of his decision not to use an attorney. An attorney cannot corral a potential client who does not want to use his services." Defendant further argues that the lack of "causation" is fatal to all four specifications of negligence.

As an initial matter, viewing the evidence in the light most favorable to plaintiff, we do not see a contradiction between plaintiff's deposition testimony and his later declaration. In his deposition, plaintiff testified that he wanted to use a paralegal because it was cheaper and because his friend had advised him to avoid attorneys. His declaration does not deny that that was the case; rather, his declaration states that, "[w]hile I knew a paralegal could type the necessary documents up, I was concerned about the effect of what we had agreed to." He further averred that he sought defendant's advice to see "whether this was the way to go." It is possible to read plaintiff's deposition testimony and his declaration consistently—that is, that he wanted to avoid using an attorney because of the cost and expense, *but only if defendant advised him that it "was the way to go."* That evidence creates a genuine issue of material fact with regard to whether defendant referred plaintiff to a paralegal as alleged in the first specification of negligence and whether plaintiff relied on that referral.[2]

As noted above, the trial court inferred from the evidence in the record that plaintiff "had no interest in having [defendant] represent him" and therefore dismissed the negligence claim without addressing all four specifications of negligence. In reaching that conclusion, the trial court focused too narrowly on defendant's evidence and did not take into account plaintiff's declaration or give plaintiff the

---

[2] Once again, because the standard of care is not at issue on appeal, 224 Or App at 220 n 1, the question for purposes of defendant's motion for summary judgment is whether plaintiff in fact relied on defendant's referral—or what defendant describes as a "causation" question.

benefit of all reasonable inferences that can be drawn from his averments. Although the record on summary judgment may be susceptible to the inference that plaintiff "had no interest" in obtaining legal representation in the dissolution proceeding, that is not the *only* inference that can be drawn from the record.[3] Given the competing evidence and available inference that plaintiff in fact sought defendant's advice as to whether to use a paralegal in his case and relied on that advice, the trial court erred in granting defendant's motion for summary judgment.

Reversed and remanded.

---

[3] Nor was the trial court's factual inference necessarily dispositive of plaintiff's other specifications of negligence. Plaintiff's other specifications alleged that defendant failed to determine the nature and extent of his property interests and that, based on the complexity of his case, defendant should have advised him to "seek competent advice from an attorney licensed to practice in the state of Oregon." Those specifications do not depend factually or legally on whether plaintiff had any "interest in having [defendant] represent him" in a dissolution case.